IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 07-50104-TUC-DCB(JCG) |
| Plaintiff, | ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) | |
| Bernardo Gomez-Infante, | ) ) | |
| Defendant. | ) ) ) | |

Before the Court is a Petition for Revocation of Supervised Release. (Doc. No. 3.) This matter came before the Court for a hearing and a report and recommendation. The matter was set for evidentiary hearing and evidence was heard on November 28, 2007. Defendant, who is presently in custody, was present and represented by counsel. Having heard the evidence and considered the arguments, the Magistrate Judge recommends that the District Court, after its independent review, find that the Defendant violated his Supervised Release.

**Factual Findings**

At the evidentiary hearing the government provided certified copies of court records. Those records, which were not challenged, establish the following facts:

1. On May 2, 2000, in the Southern District of Texas, Defendant was convicted of re-entry after deportation and sentenced to 77 months imprisonment and, upon release from imprisonment, to a term of supervised release of three years. Two of the conditions of

1  supervised release were: (1) defendant shall not commit another federal, state, or local crime,

2  and (2) if deported, the defendant is not to re-enter the United States illegally.

3      2. Defendant's three-year term of supervised release started on March 30, 2006, when

4  he was released from prison.

5      3. On April 26, 2007, the Defendant was indicted for the offense of re-entry after

6  deportation, 8 U.S.C. § 1326.  The indictment alleged:

> On or about April 1, 2006, at or near Douglas, in the District of Arizona, Bernardo Gomez Infante, an alien, knowingly and intentionally attempted to enter the United States of America and committed an overt act which was a substantial step towards entering the United States of America, that is the defendant falsely claimed to be a United States citizen, after having been denied admission, excluded, deported, and removed therefrom at or near Nogales, Arizona on or about December 11, 1992, and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326, enhanced by Title 8, United States Code, Section 1326(b)(2).

The Indictment was captioned: Violations: 8 U.S.C. § 1326 (enhanced by 8 U.S.C. § 1326(b)(2)) (Re-Entry After Deportation).

    4. On June 5, 2006, a Petition for Warrant or Summons for Offender Under Supervision was filed in the United States District Court for the Southern District of Texas. The petition alleged that the Defendant had violated two conditions of supervision and reiterated the exact language contained in the Indictment issued on April 26, 2007. The Petition reads in relevant part:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | NEW LAW VIOLATION: RE-ENTRY AFTER DEPORTATION |
| 2 | VIOLATION OF SPECIAL CONDITION ORDERING DEFENDANT NOT TO REENTER THE UNITED STATES ILLEGALLY |

Details: The defendant was indicted in the District of Arizona, for Re-entry After Deportation, under Criminal Number 4:06CR00804-TUC-DCB. According to the indictment, on or about April 1, 2006, at or near Douglas, in the District of Arizona, Bernardo Gomez Infante, an alien, knowingly and intentionally attempted to enter the United States of America and committed an overt act which was a substantial step towards entering the United

- 2 -

States of America, that is the defendant falsely claimed to be a United States citizen, after having been denied admission, excluded, deported, and removed therefrom at or near Nogales, Arizona on or about December 11, 1992, and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326, enhanced by Title 8, United States Code, Section 1326(b)(2). Disposition of this case is pending before the United States District Court, in the District of Arizona, Tucson.

5. On June 6, 2007, a jury in Tucson, Arizona, convicted Defendant of the sole charge in the indictment.

6. On August 31, 2007, the Texas District Court initiated transfer of the supervised release matter to the Arizona District Court; the transfer was accepted on August 9, 2007.

## Analysis

The evidence clearly demonstrates that the Defendant was convicted of the offense of re-entry after deportation, in violation of 8 U.S.C. § 1326. A conviction may provide a basis for a further finding of a violation of conditions of supervised release. *See United States v. Spraglin*, 418 F.3d 479, 481 (5th Cir. 2005) (upholding revocation of supervised release based on evidence of defendant's state murder conviction which was pending appeal); *see also United States v. Allen*, 457 F.2d 1361, 1363 (9th Cir. 1972) (until the judgment of the lower court is reversed, the conviction will stand). Defendant argues, however, that the government failed to prove that he violated either condition of supervised release because the Defendant only attempted to enter the United States, he did not actually do so. According to the Defendant, under Ninth Circuit law, Defendant's actions do not constitute "entry" into the United States. Ninth Circuit law makes the distinction Defendant urges. *See United States v. Zavala-Mendez*, 411 F.3d 1116, 1121 (9th Cir. 2005) ("An alien who crosses the border at a designated location and proceeds directly in the manner designated by the government to the border station where he then presents himself to the authorities has not [yet] been 'found in' the United States . . . "); *United States v. Ruiz-Lopez*, 234 F.3d 445 (9th Cir. 2000) (if a government official has an alien under surveillance from the moment he

- 3 -

1 passes the port of entry until the moment of arrest, the alien has not "entered" the United
2 States). The indictment alleges attempted entry and the jury convicted the Defendant only
3 of that charge. Thus, technically, under Ninth Circuit law, the Defendant did not violate the
4 special condition ordering "Defendant not to re-enter the United States illegally."

5 Defendant did, however, violate the condition that he not commit another federal
6 crime during the term of supervision. Defendant committed the offense of attempted illegal
7 entry and he was convicted of this offense by the jury. Defendant does not dispute this
8 conviction, rather he argues that the Petition did not provide sufficient notice that this offense
9 would be used to provide a basis for revocation. Defendant asserts that the Petition refers
10 to the new law violation only as "Re-Entry After Deportation," which as discussed above he
11 did not commit as the term "entry" is defined under Ninth Circuit law. In support, Defendant
12 notes that there is there is no reference to a particular statute in relation to the new violation.

13 The Court disagrees. Reading the Petition as a whole, it appears clear that the basis
14 for revocation of each of the two conditions is contained at the bottom of the first page of the
15 Petition under the heading, "Details". The basis is written once, on the bottom of the page,
16 because the factual allegations supporting the two alleged violations is identical -
17 Defendant's attempted illegal entry. The facts and allegations contained within the details
18 section provided the Defendant with sufficient notice of the specific statute he was charged
19 with violating and the time and location of the alleged violation.[1] The Petition asserts that
20 the Defendant attempted to enter the United States in violation of 8 U.S.C. § 1326(b)(2).
21 The facts contained in this section are the identical facts set forth in the Indictment. The jury
22 convicted the Defendant of the sole charge set forth in the Indictment - Reentry After
23 Deportation. Attempted illegal entry is properly charged under 8 U.S.C. § 1326(b)(2) -
24 which is captioned "Reentry After Deportation." Defendant could not have been ignorant

---

[1] *Cf. United States v. Haven*, 155 F.3d 1090, (9th Cir. 1998) (concluding petition alleging that defendant had violated supervised release by committing new crime provided insufficient notice where petition did cite specific statute defendant had allegedly violated).

- 4 -

1  of the conduct or violation of law which was at the heart of the government's allegation that
2  he violated his term by committing a new offense, specifically, reentry after deportation. The
3  notice was more than sufficient.
4        Based on the foregoing, the Magistrate Judge finds and recommends that the District
5  Court conclude that the government has proven by a preponderance of the evidence that the
6  Defendant violated the condition that he commit no new offense by attempting entry into the
7  United States in violation of 8 U.S.C. § 1326.[2] The findings of this Court are referred to the
8  District Court for its consideration. The parties have ten (10) days to serve and file written
9  objections to the Report and Recommendation. The parties are advised that any objections
10 should be filed with the following caption: **CR 07-50104-TUC-DCB**.
11       DATED this 29th day of November, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge

---

[2] At the evidentiary hearing, the Magistrate Judge found that the Defendant violated both conditions alleged in the Petition. Upon further review, the Judge modifies its oral findings as set forth in this opinion.

- 5 -