WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Bernardo Gomez-Infante,<br><br>          Defendant, | CR 07-50104 TUC DCB (JCG)<br><br>**O R D E R** |

After a full and independent review of the record, including the Defendant's objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.[1] Based on the Indictment and jury conviction of the Defendant in CR 06-804 TUC DCB for violating 8 U.S.C. § 1326, Re-entry after Deportation, by attempting to illegally enter this country, the Court finds the Defendant has violated the terms and conditions of his Supervised Release.

On November 30, 2007, the Honorable Jennifer C. Guerin, United States Magistrate Judge, signed a Report and Recommendation in this action. She recommends that the Court find by a preponderance of the evidence that the Defendant violated his Supervised Release. Specifically, Judge Guerin recommends that the evidence clearly demonstrates the Defendant's conviction for the offense of re-entry after deportation, in violation of 8 U.S.C. § 1326, provides a basis for further finding a violation of conditions of supervised release. (Report and Recommendation at 3 (citing *United States v. Spraglin*, 418 F.3d 479, 481 (5th Cir. 2005)). She advises that the Government has proven by a preponderance of the evidence that the Defendant

---

[1] Unless different from the Magistrate Judge's findings of fact, the Court relies on the citation of the record contained in the Report and Recommendation. The Court equally relies on the law as properly stated by the Magistrate Judge.

violated the condition of his Supervised Release that "Defendant shall not commit another federal, state, or local crime." *Id.* at 4-5.

Pursuant to 28 U.S.C. § 636(b), the parties had ten days to file written objections to the Report and Recommendation. Defendant filed objections, and the Government has responded. Any objections that have not been raised are waived and will not be addressed by the Court. *See* 28 U.S.C. § 636(b) (objections are waived if they are not filed within ten days of service of the Report and Recommendation).

Defendant argues that he was convicted of attempted re-entry, which under Ninth Circuit law does not constitute "entry" into the United States. (Report and Recommendation at 3 (citing *United States v. Zavala-Mendez*, 411 F.3d 1116, 1121 (9th Cir. 2005); *United States v. Ruiz-Lopez*, 234 F.3d 445 (9th Cir. 2000)). Defendant argues that a person subject to supervised release and charged with a violation of it is entitled to written notice of the alleged violation. (D's Objection at 1 (citing Fed. R. Crim. P. 32.1)). "When the violation is the 'commission of a new crime and the offense being charged is not evident from the condition of [supervised release] being violated, a defendant is entitled to receive notice of the specific statute he is charged with violating.'" *Id.* (citing *United States v. Havier*, 155 F.3d 1090 (9th Cir. 1998)). Defendant argues that in this case, the alleged offense in the Petition is stated as follows: "New Law Violation: Re-entry After Deportation," and "Violation of Special Condition Ordering Defendant not to Reenter the United States Illegally." Defendant argues that this is not the same as his offense of conviction for attempted re-entry and, therefore, he had inadequate notice to defend against the Petition. He asks the Court do dismiss the Petition to Revoke his Supervised Release.

As the Magistrate Judge correctly notes the Petition includes details giving the Defendant notice that revocation is based on the Indictment and conviction in CR 06-804 TUC DCB for violating 8 U.S.C. § 1326, Re-entry After Deportation, by knowingly and intentionally attempting to enter the United States. (Report and Recommendation at 2-3.) Section 1326 provides criminal penalties for "any alien who has been denied admission, excluded, deported or removed . . . while an order of exclusion, deportation, or removal is outstanding and

- 2 -

thereafter enters, attempts to enter, or is at any time found in, the United States, . . .." 8 U.S.C. 1326(a).

Defendant argues that there are three offenses found in 8 U.S.C. 1326: entering, attempting to enter, and being found in the United States. (D's Objection at 14 (citing *United States v. Rivera-Relle*, 333 F.3d 914, 919 (9th Cir. 2003). Defendant admits the factual details in the Petition gave him notice that it is the attempt conviction upon which revocation is based, but he argues that the alleged violation in the Petition should be "attempted" re-entry after deportation instead of re-entry after deportation. The Court rejects this argument and finds that the violation alleged in the Petition, 8 U.S.C. § 1326, Re-entry after Deportation, is the relevant offense of conviction. The fact put forth by the Government in the Petition to prove the alleged statutory violation is his indictment under this statute for attempted re-entry after deportation. The Petition gave the Defendant adequate notice to defend himself.

Conclusion:

After a full and independent review of the record, including the transcript of the hearing held before Magistrate Judge Guerin, the Court finds that the Government has proven by a preponderance of the evidence that the Defendant violated the two conditions alleged in the Petition for Revocation of Supervised Release.

**Accordingly,**

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court, and the Court makes the additional finding that both conditions alleged in the Petition were violated by the Defendant.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Jennifer C. Guerin for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice for the United States District Court, District of Arizona (Local Rules).

While attempted re-entry may not constitute "entry" into the United States, it nevertheless constitutes a violation of 8 usc 1326, which prohibits reentry of deported aliens.

DATED this 14th day of February, 2008.

David C. Bury
United States District Judge